Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
06/18/2019 09:06 AM CDT

In re Guardianship of Issaabela R.,
a minor child.
Cami S., Guardian, appellant, v. Nebraska
Department of Health and Human
Services, appellee.
___ N.W.2d ___

Filed June 18, 2019.    No. A-18-906.

1. **Guardians and Conservators: Appeal and Error.** Appeals of matters arising under the Nebraska Probate Code are reviewed for error on the record.
2. **Judgments: Appeal and Error.** When reviewing a judgment for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable.
3. **Constitutional Law: Parent and Child: Public Policy.** Where a parent's constitutionally protected relationship with a child is not at issue, both public policy and the Nebraska statutes require the case to be determined by reference to the paramount concern in child custody disputes—the best interests of the child.
4. **Pleadings: Proof.** Pleadings alone are not proof but mere allegations of what the parties expect the evidence to show.
5. **Pleadings: Trial: Evidence.** Pleadings and their attachments which are not properly admitted into evidence cannot be considered by the trial court.
6. **Evidence: Records: Appeal and Error.** A bill of exceptions is the only vehicle for bringing evidence before an appellate court; evidence which is not made a part of the bill of exceptions may not be considered.

Appeal from the County Court for Saunders County: C. Jo Petersen, Judge. Reversed and remanded for further proceedings.

Jennifer D. Joakim for appellant.

No appearance for appellee.

Riedmann, Arterburn, and Welch, Judges.

Riedmann, Judge.

## INTRODUCTION

Cami S. was appointed permanent guardian for the minor child, Issaabela R., through a probate action. The county court for Saunders County ultimately terminated the guardianship, and Cami appeals that decision. We conclude that the evidence was insufficient to support terminating the guardianship and therefore reverse the county court's order and remand the cause for further proceedings.

## BACKGROUND

Cami is the maternal grandmother of Issaabela, who was born in 2015. The county court for Lancaster County appointed Cami temporary guardian of Issaabela in March 2017 and permanent guardian in August. Issaabela was removed from Cami's care in December and placed in the custody of the Nebraska Department of Health and Human Services (DHHS) due to allegations that Issaabela was exposed to abuse while living with Cami. A juvenile court case with respect to Issaabela and Cami was initiated in the county court for Saunders County, sitting as a juvenile court, and the guardianship matter was transferred to Saunders County upon a motion filed by the guardian ad litem appointed for Issaabela.

On August 15, 2018, DHHS filed a motion to terminate the probate guardianship. The motion alleged that Cami had entered a "no contest" plea to the allegations raised in the juvenile court petition, resulting in the adjudication of Issaabela as to Cami under Neb. Rev. Stat. § 43-247(3)(a) (Reissue 2016). The motion indicated that Issaabela remained in the custody of DHHS and was placed in foster care, that DHHS was seeking to terminate the probate guardianship in

- 355 -

Nebraska Court of Appeals Advance Sheets
27 Nebraska Appellate Reports
IN RE GUARDIANSHIP OF ISSAABELA R.
Cite as 27 Neb. App. 353

order to pursue permanency through the juvenile court case, and that Cami opposed terminating the guardianship.

A hearing before the county court was held on August 20, 2018. At the hearing, the court addressed issues related to a separate juvenile case involving Issaabela's sister, a motion for bonding assessment filed by Cami in Issaabela's juvenile case, and DHHS' motion to terminate the guardianship in the probate case. The court also accepted documents whereby Issaabela's biological mother and father each relinquished their parental rights to her. The county court, seeing "no basis" to continue the probate guardianship, granted the motion to terminate the guardianship. A written order to that effect was filed that day. Cami timely appeals.

## ASSIGNMENTS OF ERROR

Cami assigns, restated and renumbered, that the county court erred in terminating the guardianship, because (1) the evidence was insufficient to support terminating the guardianship, (2) there was not sufficient notice of the hearing to all interested parties, and (3) the termination of the guardianship was not in the best interests of the child.

## STANDARD OF REVIEW

[1,2] Appeals of matters arising under the Nebraska Probate Code are reviewed for error on the record. *In re Guardianship of K.R.*, 26 Neb. App. 713, 923 N.W.2d 435 (2018). When reviewing a judgment for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. *Id*.

## ANALYSIS

Cami assigns that the evidence was insufficient to support terminating the guardianship. We agree.

Any person interested in the welfare of a ward may petition for removal of a guardian on the ground that removal would be in the best interests of the ward, and after notice and

- 356 -

Nebraska Court of Appeals Advance Sheets
27 Nebraska Appellate Reports
IN RE GUARDIANSHIP OF ISSAABELA R.
Cite as 27 Neb. App. 353

hearing on a petition for removal, the court may terminate the guardianship. Neb. Rev. Stat. § 30-2616 (Reissue 2016).

Cases regarding termination of guardianships generally involve a biological or adoptive parent's attempting to terminate a guardianship in order to regain custody of his or her child. Under those circumstances, the Nebraska Supreme Court has held that the parental preference principle serves to establish a rebuttable presumption that the best interests of the child are served by reuniting the child with his or her parent. *In re Guardianship of D.J.*, 268 Neb. 239, 682 N.W.2d 238 (2004). Therefore, an individual who opposes the termination of a guardianship bears the burden of proving by clear and convincing evidence that the biological or adoptive parent either is unfit or has forfeited his or her right to custody. *Id*. Absent such proof, the constitutional dimensions of the relationship between parent and child require termination of the guardianship and reunification with the parent. *Id*.

[3] But where, as here, the rights of a biological or adoptive parent are not at issue, Cami concedes and we agree that she does not possess the same constitutional interests as a parent, and therefore, the parental preference doctrine does not apply. Where a parent's constitutionally protected relationship with a child is not at issue, both public policy and the Nebraska statutes require the case to be determined by reference to the paramount concern in child custody disputes—the best interests of the child. *In re Estate of Jeffrey B.*, 268 Neb. 761, 688 N.W.2d 135 (2004). Thus, the standard for removal of a guardian of a minor pursuant to § 30-2616 is the best interests of the ward. See *In re Estate of Jeffrey B., supra*. Accordingly, in the instant case, the county court was authorized to remove Cami as guardian and terminate the guardianship over Issaabela upon proof that doing so would be in Issaabela's best interests.

In guardianship termination proceedings involving a biological or adoptive parent, the parental preference principle establishes a rebuttable presumption in favor of terminating

- 357 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
27 NEBRASKA APPELLATE REPORTS
IN RE GUARDIANSHIP OF ISSAABELA R.
Cite as 27 Neb. App. 353

the guardianship; thus, the party opposing the termination of a guardianship bears the burden of proving by clear and convincing evidence that the biological or adoptive parent is unfit or has forfeited his or her right to custody. See *In re Guardianship of D.J., supra*. Because the case at hand does not involve a biological or adoptive parent, the rebuttable presumption which shifts the burden of proof to the party opposing termination of the guardianship does not exist. Therefore, the burden of proof in this case was on DHHS, as the moving party, to establish that terminating the guardianship was in Issaabela's best interests.

At the August 20, 2018, hearing, the court addressed several separate issues relevant to the three separate cases. Notably, in addressing the separate juvenile cases involving Issaabela and her sister, the county court was sitting as a juvenile court, and when addressing the guardianship in the probate action, the court was sitting as a county court.

In addressing the motion to terminate the guardianship, Cami's counsel explained that Cami would like the guardianship to continue. The court stated that it saw no basis to continue the guardianship, given that Issaabela's parents had relinquished their parental rights and Issaabela remained in the custody of DHHS. When given the opportunity to be heard on the motion, counsel for DHHS replied, "Your Honor, essentially what I would say is what you've already said." No evidence was offered or received as to the motion, and the court was not asked to take judicial notice of the existence of the juvenile case or the contents of its file.

[4-6] We recognize that in its motion to terminate the guardianship, DHHS made various allegations, including that terminating the guardianship would allow Issaabela to obtain permanency through the juvenile court case and that this was in her best interests. However, pleadings alone are not proof but mere allegations of what the parties expect the evidence to show. *In re Estate of Radford*, 297 Neb. 748, 901 N.W.2d 261 (2017). Pleadings and their attachments which are not properly

- 358 -

Nebraska Court of Appeals Advance Sheets
27 Nebraska Appellate Reports
IN RE GUARDIANSHIP OF ISSAABELA R.
Cite as 27 Neb. App. 353

admitted into evidence cannot be considered by the trial court. *Id*. A bill of exceptions is the only vehicle for bringing evidence before an appellate court; evidence which is not made a part of the bill of exceptions may not be considered. *Id*. As a result, we cannot consider allegations contained in a pleading as substantive evidence of Issaabela's best interests.

We also observe that Cami testified in support of her motion for a bonding assessment in the juvenile case, and evidence was received regarding the separate juvenile court case for Issaabela's sister. We do not consider that evidence, however, because it was not introduced into evidence in connection with the motion to terminate the guardianship. See *Bailey v. First Nat. Bank of Chadron*, 16 Neb. App. 153, 741 N.W.2d 184 (2007) (appellate court did not consider exhibits introduced in support of separate motions addressed at same hearing). As a result, there was no evidence presented with respect to the motion to terminate the guardianship.

Without any evidence, the county court was unable to make a determination as to Issaabela's best interests in order to decide whether to grant DHHS' motion. In evaluating the court's decision, we review for error on the record, and when reviewing a judgment for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. See *In re Guardianship of K.R.*, 26 Neb. App. 713, 923 N.W.2d 435 (2018). If the court's decision is based upon information from the juvenile case, there is no indication that it took judicial notice of that information, and that information is not contained in our record. See *In re Estate of Radford, supra*.

The record before us is similar to that addressed in *In re Estate of Radford, supra*. There, a hearing was held but no sworn testimony was given and no exhibits were offered or received into evidence. Although the court was asked to take judicial notice of its file, it failed to identify what documents it was noticing and did not mark and introduce into evidence

- 359 -

Nebraska Court of Appeals Advance Sheets
27 Nebraska Appellate Reports
IN RE GUARDIANSHIP OF ISSAABELA R.
Cite as 27 Neb. App. 353

each document that it considered. On appeal, the Supreme Court concluded that as a result, the only information available for review was the pleadings, the attachments to the pleadings, and the court's order. But because these were not properly admitted into evidence, they could not be considered by the trial court. Consequently, the Supreme Court reversed and remanded because the trial court received no evidence which would have proved the allegations in the motion before it. See *id*.

Because there was no evidence before the court as to Issaabela's best interests vis-a-vis the guardianship, we conclude that the county court's decision is not supported by competent evidence. And because the deficiency in the record is not the fault of the appellant, the proposition that an appellate court will affirm a lower court's decision when the appellant fails to present a record to support her errors is inapplicable. See *In re Estate of Radford*, 297 Neb. 748, 901 N.W.2d 261 (2017).

As the moving party, DHHS had the burden to provide sufficient evidence to prove that terminating the guardianship was in Issaabela's best interests. See *id*. Its failure to adduce any evidence was not the fault of Cami. To affirm the county court's decision because of the lack of evidence would reward DHHS for failing to meet its burden. See *id*. We therefore reverse the county court's order terminating the guardianship and remand the cause for further proceedings.

## CONCLUSION

We conclude that the county court erred in failing to create a record containing evidence to support its decision that terminating the guardianship was in Issaabela's best interests. Because we find that the county court had insufficient evidence to make its determination, we reverse the order terminating the guardianship and remand the cause for further proceedings.

Reversed and remanded for
further proceedings.